UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GEORGE D. PAMER, | ) | CASE NO. 1:06 CV 1829 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| STUART HUDSON, | ) | <u>AND ORDER</u> |
| | ) | |
| Respondent. | ) | |

On July 31, 2006, petitioner <u>pro se</u> George D. Pamer filed the above-captioned petition for writ of habeas corpus under 28 U.S.C. § 2254. Pamer is incarcerated at the Mansfield Correctional Institution, having pleaded guilty to drug offenses (6 counts), money laundering, conspiracy, corruption (2 counts) and having a weapon under disability. For the reasons stated below, the petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b).

As grounds for the petition, Pamer asserts 1) ineffective assistance of trial counsel, 2) ineffective assistance of appellate counsel, 3) plea agreement was obtained by fraud, and 4) fraud was used to enhance his sentence. Without regard to the potential merits of these grounds, it is evident on the face of the petition that

1

Pamer has not exhausted his state court remedies, as he currently has an appeal pending from the denial of postconviction motion, wherein he asserted the ineffectiveness of his trial counsel.

Because the petition raises an issue on which petitioner has yet to fully exhaust state court remedies, it is subject to the rule of Rose v. Lundy, 455 U.S. 509 (1982), that "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims. [footnote omitted]." Id. at 522.

Accordingly, this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253.

IT IS SO ORDERED.

/s/SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE